[No. B055450. Second Dist., Div. Five. Jan. 27, 1992.]

RYAN MATHEWS, a Minor, etc., Plaintiff and Appellant, v.
CITY OF CERRITOS, Defendant and Respondent.

---

**COUNSEL**

Parkin & Woodland and F. Michael Woodland for Plaintiff and Appellant.

Murchison & Cumming and Richard D. Newman for Defendant and Respondent.

---

**OPINION**

ASHBY, J.—Plaintiff and appellant Ryan Mathews, by his guardian ad litem, sued defendant and respondent City of Cerritos for personal injuries suffered in a bicycle riding accident in a park owned and operated by the city. The trial court granted summary judgment in favor of respondent (Code Civ. Proc., § 437c, subd. (c)) on the grounds (1) as a matter of law the condition of the park was not a dangerous condition of public property (Gov. Code, §§ 830, 830.2, 835) and (2) respondent had design immunity (Gov. Code, § 830.6).

We affirm on the first ground and do not reach the second.

■ Summary judgment is appropriate if the defendant conclusively negates a necessary element of the plaintiff's case and demonstrates that under no hypothesis is there a material issue of fact that requires the process of a trial. (*Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46].) ■ Whether property is in a dangerous condition often presents a question of fact, but summary judgment is appropriate if the trial or appellate court, viewing the evidence most favorably to the plaintiff, determines that no reasonable person would conclude the condition created a substantial risk of injury when such property is used with due care in a manner which is reasonably foreseeable that it would be used. (Gov. Code, § 830.2; *Dominguez* v. *Solano Irrigation Dist.* (1991) 228 Cal.App.3d 1098, 1103 [279 Cal.Rptr. 470]; *Bartell* v. *Palos Verdes Peninsula Sch. Dist.* (1978) 83 Cal.App.3d 492, 497 [147 Cal.Rptr. 898].)

Appellant received a new bicycle for his eighth birthday about a month before the accident. The accident occurred when appellant attempted to ride his bike down a very steep hill in the park, on an overcast day when the grass was wet with dew. He lost control, ran into a drainage ditch and was thrown into a block wall, injuring his arm and teeth.

The hill down which appellant rode was steep because this portion of the park, built in 1981, was elevated with landfill in order to serve as a sound barrier to reduce noise from a nearby freeway. The hill was at least 16 feet higher than level ground. The hill was mowed with a special rider mower for extreme slopes called a "slope master."

Appellant knew this hill was too steep and dangerous for bike riding. Appellant had witnessed his father lose control of a bicycle in the same park. After that, appellant's parents made a strict rule that appellant was never to take his bike to the park. On the day of his accident appellant deliberately violated his parents' rule.

The park contains two separate play areas with slides and climbing apparatus for children, on the west and east sides of the park. The park has no bike paths. There are no bicycle racks at the western entrance. To reach the east play area from the west entrance children commonly go over the hill.

Appellant and his brothers proceeded to the east play area. On the way they walked their bikes over the hill because it was too steep to ride. They played on the swings in the east play area and then returned over the hill.

When he reached the top of the hill with his bike, appellant began thinking whether he should take the chance of riding down the hill. He knew it would be dangerous. At his deposition he testified: "Q. Did you know that was dangerous or that it was a pretty dangerous thing to do? [¶] A. Yeah. By looking at it, it looked dangerous. But I thought I could make it. But I didn't. [¶] Q. What did you think was dangerous about it? [¶] A. Well, it's—the grass is also—it's real rough like a lot of mud on that day because the grass was wet and all the dirt and it—and it looked dangerous. But I thought I could make it; so I attempted to do it."

In his declaration in opposition to summary judgment appellant stated: "Before I made up my mind if I was going to go down the hill or not, the bicycle started rolling, and my foot began slipping on the high wet grass. It looked dangerous, but I thought I could make it, so I attempted to do it. . . . [¶] To this day I do not know if I would have ridden down that hill but for the fact that my feet began slipping, and the bike started going down on its own. Once that happened, it seemed like the thing to do."

Appellant declared he had many friends who ride their bikes on that hill. It is a common activity. The city's superintendent of parks was aware that children sometimes ride bicycles down the slope. There was no rule, nor were there any warning signs, against riding bicycles in the park.

DISCUSSION

A public entity may be liable for injuries caused by a dangerous condition of its property. (Gov. Code, § 835.)

Government Code section 830, subdivision (a) defines "dangerous condition" to mean "a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in the manner in which it is reasonably foreseeable that it will be used."

■ A condition is not dangerous within the meaning of the statute "unless it creates a hazard to those who foreseeably will use the property . . . with due care. Thus, even though it is foreseeable that persons may use public property without due care, a public entity may not be held liable for failing to take precautions to protect such persons." (Cal. Law Revision Com. com. to Gov. Code, § 830 [4 Cal. Law Revision Com. Rep. (1963) p. 849].) Any property can be dangerous if used in a sufficiently abnormal manner; a public entity is required only to make its property safe for reasonably foreseeable careful use. (4 Cal. Law Revision Com. Rep., *supra*, at p. 822.)

■ Reasonably foreseeable use with due care, as an element in defining whether property is in a dangerous condition, refers to use by the public generally, not the contributory negligence of the particular plaintiff who comes before the court; the particular plaintiff's contributory negligence is a matter of defense. ■ Nevertheless, the plaintiff has the burden to establish that the condition is one which creates a hazard to persons who foreseeably would use the property with due care. (Cal. Law Revision Com. com. to Gov. Code, § 830 [4 Cal. Law Revision Com. Rep., *supra*, at p. 849]; *Fredette* v. *City of Long Beach* (1986) 187 Cal.App.3d 122, 130 [231 Cal.Rptr. 598].)

In *Fredette* v. *City of Long Beach, supra,* the court held the intent of the statute is "to impose liability only when there is a substantial danger which is *not* apparent to those using the property in a reasonably foreseeable manner with due care." (187 Cal.App.3d at p. 131, italics in original.) *Fredette* involved a diving accident. The court said, "Here, the absence of the gangplank and the shallowness of the water between the pier and the float were apparent to all users. The physical characteristics of the facility gave immediate notice to those persons exercising due care that diving from the pier was, in and of itself, a hazardous activity that should be avoided. We think it clear that no member of the public may ignore the notice which the

condition itself provides." (*Id.* at p. 132.) In *Rombalski* v. *City of Laguna Beach* (1989) 213 Cal.App.3d 842, 849-850 [261 Cal.Rptr. 820] the court followed *Fredette* and upheld a summary judgment in favor of a city.

 The statutory definition of reasonably foreseeable persons using the property with due care takes into consideration the lower standard of care which is expected of children. (Cal. Law Revision Com. com. to Gov. Code, § 830 [4 Cal. Law Revision Com. Rep., *supra,* at p. 849]; *Holmes* v. *City of Oakland* (1968) 260 Cal.App.2d 378, 386-387 [67 Cal.Rptr. 197]; Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1980) § 3.12, p. 200.)

 Applying these principles here, we conclude that the danger of riding a bicycle down a very steep, wet, grassy hill is obvious from the appearance of the property itself, even to children exercising a lower standard of due care. (*Fredette* v. *City of Long Beach, supra,* 187 Cal.App.3d at pp. 131-132.) Even children instinctively recognize steepness of a hill and slipperiness of wet grass. The trial court properly concluded there is no triable issue of fact and no reasonable person would conclude the property created a substantial risk of harm to reasonably foreseeable child users who use the property with the due care expected of children. "While it is common knowledge that children often heedlessly engage in games or activities which are dangerous or harmful to their health, at some point the obligation of the public entity to answer for the malfeasance or misfeasance of others, whether children or parents, reaches its outer limits." (*Bartell* v. *Palos Verdes Peninsula Sch. Dist., supra,* 83 Cal.App.3d at p. 500.)

The judgment is affirmed.

Turner, P. J. and Grignon, J., concurred.