[No. C054785. Third Dist. Dec. 27, 2007.]

CHRISTIAN BISCOTTI, a Minor, etc., et al., Plaintiffs and Appellants, v. YUBA CITY UNIFIED SCHOOL DISTRICT, Defendant and Respondent.

## COUNSEL

Trezza, Ithurburn, Steidlmayer & Ithurburn and Michael J. Trezza for Plaintiffs and Appellants.

Evans, Wieckowski & Ward, Carol A. Wieckowski; and Paul Hoskins for Defendant and Respondent.

## OPINION

**SCOTLAND, P. J.**—Christian Biscotti attempted to anchor a bicycle against a chain link fence on school property so he could climb up on the bicycle to pick oranges from a tree on the other side of the fence. As he stood on top of the bicycle and reached over the fence, he slipped and fell, cutting his arm badly on the metal prongs on top of the fence. Christian appeals from the trial court's entry of summary judgment in favor of the Yuba City Unified School District in the lawsuit that Christian, through his guardian ad litem, filed against the school district.

We agree with the trial court that Christian failed to raise a triable issue of material fact as to whether the school district maintained a dangerous

condition on its property. As we will explain, the risk of falling and being seriously injured would be obvious, even to a nine-year-old boy, when Christian poked the handlebar of his bicycle into an opening in the chain link fence, climbed onto the bicycle, balanced himself with one foot on the seat and his other foot on the bar, and reached over the fence to pick an orange from a tree on the adjacent property. While unfortunate, the injury that resulted when the readily apparent risk of falling became a reality is not compensable because the undisputed facts establish that Christian was not using the fence "with due care in a manner in which it is reasonably foreseeable that it will be used." (Gov. Code, § 830, subd. (a).) The lesson learned is that tort law does not protect him from the consequence of his careless decision. Thus, we shall affirm the judgment.

## BACKGROUND

The facts are few and undisputed.

On the date of the accident, nine-year-old Christian and his friends were riding bicycles on the grounds of Lincrest School, a public school. The boys decided to pick oranges from a tree located in a neighbor's yard, which is separated from the school's grounds by a metal chain link fence. The fence, which was installed when the school was constructed in 1959, has metal prongs across its top edge.

After the boys had picked all the oranges they could reach from the ground, Christian placed a bicycle next to the chain link fence, poking one handlebar through an opening in the fence to help stabilize the bicycle. He then climbed up and stood on the bicycle, balancing himself with one foot on its seat and his other foot on the bar. While Christian reached over the fence and yanked on an orange, the bicycle slipped and he fell onto the fence. His left arm struck the metal tines and was cut.

For at least 16 years prior to the accident, there had been no reported complaints about the safety of the fence and no reported accidents or injuries related to it.

## DISCUSSION

In reviewing an order granting a summary judgment motion, we independently review the record to determine whether there are triable issues of material fact. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767 [107 Cal.Rptr.2d 617, 23 P.3d 1143].) We view the evidence in a light most favorable to the plaintiff as the losing party. (*Id.* at p. 768.) Summary judgment in favor of the defendant will be upheld when the evidentiary

submissions conclusively negate a necessary element of the plaintiff's cause of action or show that under no hypothesis is there a material issue of fact requiring the process of a trial. (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334 [100 Cal.Rptr.2d 352, 8 P.3d 1089]; *Thompson v. Sacramento City Unified School Dist.* (2003) 107 Cal.App.4th 1352, 1360–1361 [132 Cal.Rptr.2d 748].)

■ In California, public entity liability for personal injury is governed by statute. (*Davis v. City of Pasadena* (1996) 42 Cal.App.4th 701, 703 [50 Cal.Rptr.2d 8].) Government Code section 835 sets out the exclusive conditions under which a public entity may be held liable for injuries caused by a dangerous condition of public property. (Gov. Code, §§ 815, 835 [further section references are to the Gov. Code]; *Brown v. Poway Unified School Dist.* (1993) 4 Cal.4th 820, 829 [15 Cal.Rptr.2d 679, 843 P.2d 624].) As to the facts of this case, "a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes [1] that the property was in a dangerous condition at the time of the injury, [2] that the injury was proximately caused by the dangerous condition, [3] that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and . . . [¶] . . . [¶] [4] [that the] public entity had actual or constructive notice of the dangerous condition . . . a sufficient time prior to the injury to have taken measures to protect against the dangerous condition." (§ 835.)

■ A "dangerous condition" of public property is defined by statute as "a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property . . . is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§ 830, subd. (a).) Therefore, a condition is *not* a dangerous condition within the meaning of the Government Code "if the trial or appellate court, viewing the evidence most favorably to the plaintiff, determines as a matter of law that the risk created by the condition was of such a minor, trivial or insignificant nature in view of the surrounding circumstances that no reasonable person would conclude that the condition created a substantial risk of injury when such property or adjacent property was used with due care in a manner in which it was reasonably foreseeable that it would be used." (§ 830.2.) The intent of these statutes "is to impose liability only when there is a substantial danger which is not apparent to those using the property *in a reasonably foreseeable manner with due care.* [Citations.]" (*Fredette v. City of Long Beach* (1986) 187 Cal.App.3d 122, 131 [231 Cal.Rptr. 598], some original italics omitted, new italics added (hereafter *Fredette*).)

As a general rule, the issue of whether a given set of facts and circumstances amounts to a dangerous condition poses a question of fact.

(*Dominguez v. Solano Irrigation Dist.* (1991) 228 Cal.App.3d 1098, 1103 [279 Cal.Rptr. 470].) Nevertheless, that question may be decided as a matter of law if no reasonable person could conclude the property's condition is dangerous as that term is statutorily defined. (*Ibid.*; accord, *Schonfeldt v. State of California* (1998) 61 Cal.App.4th 1462, 1465 [72 Cal.Rptr.2d 464]; *Gray v. America West Airlines, Inc.* (1989) 209 Cal.App.3d 76, 82–83, 86 [256 Cal.Rptr. 877].) In such cases, summary judgment is proper. (*Mathews v. City of Cerritos* (1992) 2 Cal.App.4th 1380, 1382 [4 Cal.Rptr.2d 16] (hereafter *Mathews*); *Davis v. City of Pasadena, supra*, 42 Cal.App.4th at p. 704.) "[T]he plaintiff has the burden to establish that the condition is one which creates a hazard to persons who foreseeably would use the property with due care." (*Mathews, supra*, 2 Cal.App.4th at p. 1384; see Cal. Law Revision Com. com., 32 West's Ann. Gov. Code (1995 ed.) foll. § 830, p. 298.)

Here, the trial court found the fence did not constitute a dangerous condition as a matter of law because Christian could not establish he was exercising due care while using the fence in a manner that was reasonably foreseeable. The court reasoned that Christian "had to be aware of the danger. He used his bike as an ersatz ladder and leaned over the fence. The danger was obvious"; "[f]ences are not meant to be climbed[,] [t]hey are meant to keep people out. If one needs to go on the other side of a fence, one walks around the fence or through a gate or other opening. Plaintiff's use of the fence when he was injured was not a foreseeable use of the fence."

Christian concedes on appeal that, if he had fallen to the ground and broken an arm, "the lower court's conclusion that the danger (i.e., of falling and suffering injury) was obvious" would have been reasonable, and Christian's failure to use due care would not give rise to a claim for liability against the district. But, he argues, although the danger of falling *from* the fence to the ground may have been obvious, the danger of falling *onto* the fence was not.

His argument posits a distinction without a difference. The danger created was that Christian would fall and be injured, i.e., once he climbed onto his bicycle and sought to reach over the fence, Christian created a danger of injury by falling. Which particular injury he suffered from falling is not particularly relevant to the analysis: he could have broken an arm when he hit the ground, scraped or cut himself on the fence as he fell to the ground, or cut himself on debris when he hit the ground. In all events, the danger of falling and injury was obvious as a matter of law.

Our conclusion is informed by the holdings of *Mathews, supra*, 2 Cal.App.4th 1380, and *Fredette, supra*, 187 Cal.App.3d 122.

In *Mathews,* an eight year old rode his bicycle down a steep hill at a city park. The boy knew the hill was wet, steep, and dangerous, but thought he could make it. He sued the city for injuries suffered after he lost control of his bicycle and was thrown into a block wall. The Court of Appeal affirmed summary judgment in favor of the city, after concluding "the danger of riding a bicycle down a very steep, wet, grassy hill is obvious from the appearance of the property itself," even to children, who are held to a lower standard of due care. (*Mathews, supra,* 2 Cal.App.4th at p. 1385.)

In *Fredette,* a young adult was seriously injured when he dove from a municipal pier into a shallow lagoon. He sued the city, alleging that a dangerous public condition caused his injuries. The Court of Appeal affirmed the judgment in favor of the city, observing that "no reasonable person could conclude that a swimmer, exercising due care and confronted with the notice that the condition itself provided, would have used the pier as a diving platform. The assertion that the placement of guard rails or the posting of warning signs may have been of some value in no way suggests that the absence of such precautionary measures contributed in any way to the creation of the defective or dangerous condition. The danger, if present at all, had to be *obvious* to anyone using the pier." (*Fredette, supra,* 187 Cal.App.3d at p. 132, original italics.) Thus, the court concluded, the public property did not constitute a dangerous condition where "the shallowness of the water" was "apparent to all users." (*Ibid.*)

■ *Mathews* and *Fredette* stand for the commonsense proposition that premises liability may not be imposed on a public entity when the danger of its property is readily apparent. We agree, as have other courts. Indeed, *Fredette*'s holding has been applied in cases where the plaintiff is a child exercising a lower standard of care (e.g., *Schonfeldt v. State of California, supra,* 61 Cal.App.4th at pp. 1467–1468; *Mathews, supra,* 2 Cal.App.4th at p. 1385), as well as in cases where the issue was decided as a matter of law. (See, e.g., *Schonfeldt v. State of California, supra,* 61 Cal.App.4th at p. 1465; *Mathews, supra,* 2 Cal.App.4th at p. 1382.)

■ Application of that proposition to this case is proper where common sense demonstrates that any reasonable user, even a child of Christian's age, could see and appreciate the danger of injury from falling created by using a bicycle as a ladder in order to reach over a chain link fence. "[N]o member of the public may ignore the notice which the condition itself provides." (*Fredette, supra,* 187 Cal.App.3d at p. 132.)

■ We also agree with the trial court that the fence and its metal tines across the upper edge cannot constitute a dangerous condition of public property as a matter of law because Christian's use of his bicycle as a

substitute ladder to reach over the fence did not constitute use "in a manner in which it was reasonably foreseeable that [the fence] would be used" within the meaning of the statutory scheme. (§ 830.2.) " 'The "dangerous condition" of the property should be defined in terms of the manner in which it is foreseeable that the property will be used by persons exercising due care in recognition that *any property can be dangerous if used in a sufficiently abnormal manner.*' [Citation.] Even though it is foreseeable that persons may use public property without due care, a public entity may not be held liable for failing to take precautions to protect such persons." (*Fredette, supra*, 187 Cal.App.3d at p. 132.)

■ Christian argues "[i]t was reasonably foreseeable that young boys would be attracted to oranges adjacent to the fence and would use the fence (whether by climbing or using a bicycle or other means to fashion a ladder) to enable them to reach the fruit." We are not persuaded. The ubiquitous chain link fences separating school grounds from adjacent residences are intended to keep children, together with their bicycles, from venturing into the neighbors' yards. The regular openings in such a fence allow for a less obstructed view from both sides; but no reasonable person would conclude it was reasonably foreseeable that children would thread bicycle handlebars through them, so as to make an impromptu ladder, by "propping a bicycle up against [the fence], standing on top of [the bicycle], and reaching over the fence to grab an orange" from the neighbor's tree. That Christian did so was not reasonably foreseeable, and that he was injured while doing so does not render the fence a dangerous condition of public property.

"Numerous California cases have held that public entities have no duty, as a matter of law, to prevent members of the public—including young children—from scaling walls and fences erected for the purpose of keeping them out of areas of relative danger." (*Dominguez v. Solano Irrigation Dist., supra*, 228 Cal.App.3d at pp. 1103–1104.) As another court observed when it refused to hold a private stadium owner liable for the injuries suffered by a sports fan who fell as he tried to scale a fence separating the parking lot from an underground tunnel, "[t]here is a limit as to how far society should go by way of direct governmental regulation of commercial and private activity, or indirect regulation thereof through the tort system, in order to protect individuals from their own stupidity, carelessness, daring or self-destructive impulses." (*Edwards v. California Sports, Inc.* (1988) 206 Cal.App.3d 1284, 1288 [254 Cal.Rptr. 170] ["did defendant's duty of due care require it to design and construct its building in a manner that would thwart plaintiff's derring-do? We think not"].)

## DISPOSITION

The judgment is affirmed.

Sims, J., and Morrison, J., concurred.