Filed 8/19/24  Springfield v. Mendi Co II, LLC CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SEVEN

| | |
|---|---|
| LATONYA DAWSON-SPRINGFIELD,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MENDI CO II, LLC,<br><br>    Defendant and Respondent. | B326857<br><br>(Los Angeles County<br>Super. Ct. No. 20AVCV00600) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen T. Morgan, Judge.  Affirmed.

The Milner Firm and Timothy Vance Milner for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Ernest Slome, Lillian C. Harwell and Tracy D. Forbath for Defendant and Respondent.

_____

# INTRODUCTION

In 2019, Latonya Dawson-Springfield tripped and fell on loose gravel in a landscaped planter bed located in a parking lot in Palmdale. She sued the owner of the parking lot, Mendi Co II, LLC (Mendi Co), for negligence and premises liability. She alleged Mendi Co failed to remedy or warn of a dangerous condition on its property.

After discovery, including Dawson-Springfield's deposition, Mendi Co moved for summary judgment. As relevant here, it argued Dawson-Springfield failed to establish Mendi Co owed her a duty of care because the planter was not a dangerous condition or alternatively the dangerous condition was open and obvious. Dawson-Springfield opposed and, among other things, presented evidence she argued raised a triable issue of fact that the planter was dangerous and that the danger was not open and obvious. Her summary judgment papers conceded she saw the loose gravel in the planter but chose to walk through the planter because it was "the shortest route" back to her vehicle.

The trial court granted summary judgment to Mendi Co. The court ruled Dawson-Springfield had not met her burden to show a triable issue of material fact because "any danger posed by the planter" was "open and obvious," and "it appears that the planter was not a dangerous condition."

Dawson-Springfield argues the trial court erred in granting summary judgment. We conclude the trial court did not err and affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

As we must on summary judgment, we "view and recite the facts in the light most favorable to . . . the party opposing summary judgment." (*Knapp v. Ginsberg* (2021) 67 Cal.App.5th 504, 509.)

A.     *The Complaint*

In August 2020, Dawson-Springfield sued Mendi Co for negligence and premises liability.  She filed a form complaint, which alleged that on March 11, 2019, Dawson-Springfield "attempt[ed] to enter her vehicle which was parked in Defendant's parking lot, [and] tripped on an uneven surface covered in loose gravel, that was adjacent/next to the parking space resulting in Plaintiff falling and sustaining serious and debilitating injuries."  The complaint sought compensatory damages of an unspecified amount.

Mendi Co answered the complaint with a general denial. The case proceeded to discovery.

B.     *Dawson-Springfield's Deposition and Discovery Responses*

Dawson-Springfield was deposed on February 15, 2022. Dawson-Springfield testified she drove to Mendi Co's parking lot on the day of the incident to visit her credit union's ATM.  She was a regular visitor to the credit union, but had never observed any dangerous conditions on the premises before.  She testified she was wearing "regular walking shoes."

Dawson-Springfield parked her car in the parking spot closest to the ATM.  Immediately next to the driver's side of the parking space was a large, in-ground landscaped planter covered

3

in "small, loose rocks" and containing "larger rocks, shrubs, and a tree." The planter extended into the asphalt parking lot and, on the opposite side, it adjoined the sidewalk. Next to Dawson-Springfield's car, a concrete strip "one foot in width and approximately four and one-half feet in length" separated the planter from the asphalt parking surface. There were no warning or caution signs at the site.

Dawson-Springfield exited her car from the driver's side, walked through the planter without incident, and withdrew cash from the ATM. When she returned to her car, Dawson-Springfield again walked through the planter. But this time, she fell. She testified she "tripped" or "slid" in the planter and landed on her right shoulder and the right side of her face. Dawson-Springfield testified, "I don't know if I tripped or slid on the rocks. I just know that it had something to do with that. I didn't even have my foot off the curb yet." Dawson-Springfield required surgery for the resulting injury to her right shoulder.

C.      *The Trial Court Grants Mendi Co's Motion for Summary Judgment*

Mendi Co moved for summary judgment on August 2, 2022, arguing Dawson-Springfield could not establish it had a duty to warn or remedy the alleged dangerous condition. Mendi Co contended the planter was not a dangerous condition but an "open and obvious condition" of which it had no duty to warn, and that Dawson-Springfield "assumed the risks inherent in leaving the paved sidewalk and choosing to instead walk through a planter containing visible trees, shrubs, and landscaping rocks." In support, it attached Dawson-Springfield's deposition transcript and discovery responses.

4

Dawson-Springfield opposed summary judgment. She argued the planter constituted a dangerous condition due to unstable rocks, a slope "as steep as 15.6%," and the concrete strip which "invites pedestrians returning to their car to cut through the planter" but "does not extend far enough along the edge of the planter to provide an adequate walking surface." Dawson-Springfield asserted these dangerous conditions were "not open or obvious to someone, like plaintiff, who parks in the space next to the planter."

In support of her opposition, Dawson-Springfield attached a declaration from a licensed professional engineer, Philip Rosescu, who opined that the planter did not comply with national best practices for safe walking surfaces and Palmdale Municipal Code provisions for the layout of parking lots. Rosescu declared: "Based off the parking stall Ms. Dawson[-Springfield] selected to park in, it is reasonable to expect that upon returning to her vehicle, she would need to traverse through the planter to access her driver door."

Dawson-Springfield further argued Mendi Co owed a duty of care to pedestrians who walk through the planter because "[i]t is foreseeable that people will walk through planters and landscaped areas when that is the shortest route to their destination." In her opposition, she stated that "she might bear some comparative fault" for walking through the planter but argued that the assumption of the risk doctrine did not apply.

After a hearing, the trial court granted summary judgment to Mendi Co. The court ruled that even if "it is generally foreseeable that people will walk through the planter," "any danger posed by the planter was so open and obvious such that Defendant had no duty to further warn or remedy the curb.

5

[Citation.] Additionally, based on the evidence provided, it appears that the planter was not a dangerous condition." The court further determined Rosescu's declaration lacked an "evidentiary basis" to conclude the planter did not comply with the Palmdale Municipal Code because the court could not "find the alleged business code that has been violated."[1]

The trial court entered judgment in favor of Mendi Co. Dawson-Springfield timely appealed from the judgment.

## DISCUSSION

Dawson-Springfield argues the trial court erred in ruling the planter did not constitute a dangerous condition as a matter of law. She further challenges the court's ruling that any danger posed by the planter was "open and obvious," because she asserts the "landscaping rocks [we]re deceptively dangerous."

A. *Legal Background and Standard of Review*

"The elements of a cause of action for premises liability are the same as those for negligence. A plaintiff must prove a legal duty to use care, breach of that legal duty, and a breach that is a proximate cause of injury." (*Kaney v. Custance* (2022) 74 Cal.App.5th 201, 214 (*Kaney*).) Whether the defendant owed a duty to the plaintiff depends primarily on the foreseeability of the harm suffered. (See *id.* at p. 215; *Osborn v. Mission Ready Mix*

---

[1] Dawson-Springfield does not challenge the evidentiary rulings sustaining Mendi Co's objections to Rosescu's declaration, and these rulings are not germane to the issues Dawson-Springfield raises on appeal.

6

(1990) 224 Cal.App.3d 104, 121-122 (*Osborn*).) "Foreseeability is a question of law, and it is 'typically absent when a dangerous condition is open and obvious.' [Citations.] "'Generally, if a danger is so obvious that a person could reasonably be expected to see it, the condition itself serves as a warning, and the landowner is under no further duty to remedy or warn of the condition.'"'" (*Kaney*, at p. 215; accord, *Jacobs v. Coldwell Banker Residential Brokerage Co.* (2017) 14 Cal.App.5th 438, 447 (*Jacobs*).)

When reviewing the grant of a summary judgment motion, "[a]ppellate courts determine de novo whether an issue of material fact exists and whether the moving party was entitled to summary judgment as a matter of law. . . . In conducting its review, the appellate court must[] 'view the evidence in a light favorable to plaintiff as the losing party.'" (*Jones v. Awad* (2019) 39 Cal.App.5th 1200, 1206-1207 (*Jones*).) "As in the trial court, we first determine whether the moving party has met its initial burden to establish facts justifying judgment in its favor; if so, we then decide whether the opposing party has demonstrated the existence of a triable, material issue of fact" that defeats summary judgment. (*Miller v. Pacific Gas & Electric Co.* (2023) 97 Cal.App.5th 1161, 1166.)

B.    *The Trial Court Did Not Err by Concluding the Dangerous Condition Presented by the Planter Was Open and Obvious*

Dawson-Springfield does not argue that Mendi Co failed to shift the summary judgment burden. (See *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*); *Jones, supra,* 39 Cal.App.5th at p. 1207.) The burden thus shifted to Dawson-Springfield to demonstrate "the existence of a triable issue of

7

material fact." (*Aguilar*, at p. 850.) The trial court correctly determined Dawson-Springfield did not meet this burden.

"'[A] property owner ordinarily is required to use due care to eliminate dangerous conditions on his or her property.'" (*American Golf Corp. v. Superior Court* (2000) 79 Cal.App.4th 30, 36.) A dangerous condition is "'one which creates a hazard to persons who foreseeably would use the property with due care.'" (*Biscotti v. Yuba City Unified School Dist.* (2007) 158 Cal.App.4th 554, 559.) As the party with the ultimate burden of proof at trial, Dawson-Springfield bears the burden to demonstrate a triable fact issue on the existence of a dangerous condition.

Dawson-Springfield contends that the gravel in the planter constituted a dangerous condition, and it was foreseeable that a reasonable person would encounter that hazard by "tak[ing] the shortest path" through the planter to reach her vehicle. She argues that the existence of a dangerous condition is typically a question of fact reserved for the jury. (See *Wellsfry v. Ocean Colony Partners, LLC* (2023) 90 Cal.App.5th 1075, 1090 ["""Whether a given set of facts and circumstances creates a dangerous condition is usually a question of fact. [Citation.] The issue of a dangerous condition becomes a question of law only where reasonable minds can come to only one conclusion."""]; accord, *Bonanno v. Central Contra Costa Transit Authority* (2003) 30 Cal.4th 139, 148.) Mendi Co responds that the planter did not constitute a dangerous condition because it is not foreseeable that a "reasonable person exercising due care would walk through a planter with large and small rocks."

Regardless of what we may think about Mendi Co's foreseeability argument, we need not decide whether the planter in which Dawson-Springfield tripped constituted a dangerous

8

condition.  Even assuming Dawson-Springfield raised a triable issue of material fact that the planter constituted a dangerous condition, the trial court correctly concluded that any such danger was open and obvious as a matter of law, and thus Mendi Co lacked a duty to remedy or warn.

Dawson-Springfield's opening brief concedes "the unsecured rocks" in the planter "[we]re obviously visible."  This is consistent with her deposition testimony, responses to interrogatories, and opposition to summary judgment.  But she argues that "while the rocks were clearly visible, the danger that they may slide and cause a fall was not."  While an individual plaintiff may not appreciate the danger of a visible hazard, however, the danger may nevertheless be "so obvious that a person could reasonably be expected to see it."  (*Krongos v. Pacific Gas & Electric Co.* (1992) 7 Cal.App.4th 387, 393 (*Krongos*); see, e.g., *Nicoletti v. Kest* (2023) 97 Cal.App.5th 140, 145-146 (*Nicoletti*) [affirming summary judgment because running water on driveway was "open and obvious" condition; plaintiff "was aware" of the wet surface but "did not know that the current of rainwater posed a danger to her safety"]; *Sanchez v. Swinerton & Walberg Co.* (1996) 47 Cal.App.4th 1461, 1470-1471 [affirming summary judgment on similar grounds, where "the presence of standing water . . . would have been obvious and apparent to any reasonably observant person, as would the danger that the water might create slippery surfaces and cause one to slip and fall"].)

The trial court correctly determined the gravel was an open and obvious danger because a reasonably observant person would recognize the gravel came with an associated danger of slipping. In *Gonzalez v. Mathis* (2021) 12 Cal.5th 29, our Supreme Court

9

reviewed a grant of summary judgment under similar circumstances. In that case, a window washer fell on a "slippery" path "covered in loose sand, gravel, and rocks." (*Id.* at p. 54.) Because the worker "knew of these conditions," the Court held the pathway was an "open and obvious" danger and affirmed summary judgment for the defendant who owned the premises. (*Id.* at pp. 40, 50; cf. *Osborn*, *supra*, 224 Cal.App.3d at pp. 111, 123 [on review of a jury verdict, where plaintiff testified he saw "the dirt and . . . rubble" on the ground before he tripped, the evidence was "uncontradicted" there existed an "open and obvious" danger].)

Dawson-Springfield relies on *Chance v. Lawry's, Inc.* (1962) 58 Cal.2d 368 (*Chance*) to argue the planter did not constitute an open and obvious hazard. But in *Chance*, the plaintiff fell into a planter box that she did not see in a crowded restaurant lobby. (See *id.* at p. 373.) These circumstances created a jury question regarding whether "the danger created by the open planter box was sufficiently obvious." (*Id.* at p. 374.) By contrast, here Dawson-Springfield expressly acknowledged that "she knew she was walking through a planter" containing loose gravel. Unlike the plaintiff in *Chance*, she did not identify a genuine dispute of material fact as to whether the planter was an open and obvious hazard.

C. *Dawson-Springfield Cannot Obtain Reversal of the Summary Judgment Based on a New Argument Not Raised Before the Trial Court That She Encountered the Alleged Dangerous Condition Out of Necessity*

For the first time on appeal, Dawson-Springfield argues she was "necessarily . . . forced to walk on loose rocks" to access her

car in the parking space by the planter.  Citing *Krongos*, *supra*, 7 Cal.App.4th 387, and *Osborn*, *supra*, 224 Cal.App.3d 104, she argues that although the gravel may be an open and obvious condition, it was foreseeable that she "might choose to encounter the danger" because of "practical necessity."  (See *Krongos*, at p. 393; *Osborn*, at p. 121.)  Although there is generally no duty to remedy or warn of an obvious danger, "'[a]n exception to this general rule exists when "it is foreseeable that the danger may cause injury despite the fact that it is obvious (e.g., when necessity requires persons to encounter it)."'"  (*Kaney*, *supra*, 74 Cal.App.5th at p. 215.)  For example, in *Osborn*, *supra*, 224 Cal.App.3d 104, the plaintiff construction worker crossed a demolition site containing "dirt mixed with broken pieces of concrete" to deliver cement into the defendant's cement silo.  (*Id.* at pp. 109-110.)  The court held that although the danger presented by the path was open and obvious, the plaintiff sufficiently demonstrated the necessity of encountering the danger because his "employment required him to pass across this area in order to complete his work."  (*Id.* at p. 123.)

"In a summary judgment appeal, a party is ordinarily not permitted to change her position and adopt a new and different theory."  (*Olson v. La Jolla Neurological Associates* (2022) 85 Cal.App.5th 723, 739 [theory not raised in appellant's opposition to summary judgment forfeited].)  Dawson-Springfield has forfeited this argument by failing to raise it in her opposition to Mendi Co's motion for summary judgment.  (See *Nicoletti*, *supra*, 97 Cal.App.5th at p. 147 [applying forfeiture where appellant "did not argue this exception to the open and obvious rule . . . in the summary judgment proceedings below"].)  In her opposition brief in the trial court, Dawson-Springfield did argue

it was "foreseeable that people will walk through planters and landscaped areas when that is the shortest route to their destination" and also stated "she might bear some comparative fault" for taking this route. But these arguments did not present or develop Dawson-Springfield's appellate argument that she walked through the planter by necessity. (See *Insurance Co. of State of Pennsylvania v. American Safety Indemnity Co.* (2019) 32 Cal.App.5th 898, 922 [declining to consider new theory on review of summary judgment, as it was "not '"factually presented, fully developed and argued to the trial court"'"].)[2]

Further, an appellant forfeits a new theory on appeal when she "fails to include the underlying facts in [her] separate statement of facts in opposing summary judgment." (*City of San Diego v. Rider* (1996) 47 Cal.App.4th 1473, 1493; see *Parkview Villas Assn., Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197, 1213 [stating, the "'golden rule' of summary judgment": "'[A]ll material facts must be set forth in the separate statement. . . . "[I]f it is not set forth in the separate statement, it does not exist."'" [Italics omitted.].) In her response to Mendi Co's separate statement, Dawson-Springfield stated it was undisputed that when "she returned to her car after

_____

[2] Although Mendi Co raised forfeiture in its respondent's brief, Dawson-Springfield did not argue that any of the exceptions to forfeiture apply to this case. (See, e.g., *Fisher v. City of Berkeley* (1984) 37 Cal.3d 644, 654, fn. 3 ["parties may advance new theories on appeal when the issue posed is purely a question of law based on undisputed facts, and involves important questions of public policy"]; see also *Guardianship of Stephen G.* (1995) 40 Cal.App.4th 1418, 1422 [forfeiture does not apply to recently announced rule of law].)

withdrawing cash, . . . she walked through the planter instead of on the sidewalk or asphalt." And her own statement of additional material facts included no facts that she was unable to access her car by the sidewalk or the asphalt or otherwise walked through the planter out of necessity.

Dawson-Springfield argues that Rosescu's expert declaration attested that "pedestrians would be forced to walk on the loose rocks within the planter" and that her interrogatory responses to Mendi Co stated "[v]isitors were forced to walk on the lo[o]se rocks in order to access their vehicles." But "where evidence is not referenced, is hidden in voluminous papers, and is not called to the attention of the court at all, a summary judgment should not be reversed on grounds the court should have considered such evidence." (*San Diego Watercrafts, Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 316; accord, *Los Angeles Unified School Dist. v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 492 [if material fact "'is not mentioned in the separate statement, it is irrelevant that such fact might be buried in the mound of paperwork filed with the court'"]; *North Coast Business Park v. Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 31.)

In sum, Dawson-Springfield has not raised a material factual issue that Mendi Co owed her a duty to protect her from the planter's open and obvious danger. (See *Montes v. Young Men's Christian Assn. of Glendale, California* (2022) 81 Cal.App.5th 1134, 1142 [affirming summary judgment where "there was no necessity nor any other circumstance that made it foreseeable [plaintiff] would 'choose to encounter'" the dangerous condition]; *Jacobs, supra*, 14 Cal.App.5th at p. 446 [same].)

13

## DISPOSITION

The judgment is affirmed.  Mendi Co is entitled to its costs on appeal.

MARTINEZ, P. J.

We concur:


FEUER, J.


STONE, J.