Filed 4/28/23

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| MANUEL SANCHEZ HERNANDEZ, | C095259 |
| Plaintiff and Appellant, | (Super. Ct. No. STK-CV-UPI-2018-0006875) |
| v. | |
| CITY OF STOCKTON, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Joaquin County, Barbara A. Kronlund, Judge.  Affirmed.

Raymond Ghermezian and Coralia Lesin for Plaintiff and Appellant.

Lori Asuncion, City Attorney, Marcia A. Arredondo, Assistant City Attorney; Freeman Firm and Thomas H. Keeling for Defendant and Respondent.

This case involves an action for damages arising out of an allegedly defective public sidewalk.  Plaintiff Manuel Sanchez Hernandez appeals from the judgment entered

1

after the trial court granted summary judgment in favor of defendant City of Stockton (City) based on his failure to comply with the claims presentation requirement of the Government Claims Act. (Gov. Code, § 810 et seq.)[1] Plaintiff filed a government claim with the City, alleging that it negligently maintained public property by failing to correct a dangerous condition along a sidewalk. Plaintiff claimed that he sustained severe injuries when he tripped and fell due to a "dangerous condition" on the City-owned "sidewalk surface" that he identified *only* as an "uplifted sidewalk." After his government claim was rejected, plaintiff filed this personal injury action, complaining broadly that the "sidewalk surface" harbored a "dangerous condition" that created an unspecified hazard. He later disclosed during his deposition that he tripped and fell when he stepped into a hole, specifically a tree well with no tree in it. When specifically asked whether it was "fair to say that [his] fall was not caused by an uplifted sidewalk," he responded: "Correct."

We agree with the trial court that this action is barred because the factual basis for recovery is not "fairly reflected" in plaintiff's government claim. We therefore affirm summary judgment in favor of the City.

## FACTUAL AND PROCEDURAL BACKGROUND

*Plaintiff's Government Claim*

On April 9, 2018, plaintiff submitted a government claim for damages to the City, which alleged that he tripped and fell on a public "sidewalk surface" at approximately 1:45 p.m. on March 25, 2018. Plaintiff claimed that he sustained severe injuries to various parts of his body (e.g., knees, hands, back) as a result of a dangerous condition; he parenthetically identified the dangerous condition only as an "uplifted sidewalk" at or near 230 E. Charter Way in Stockton. Plaintiff asserted that the City and its employees

---

[1] Undesignated statutory references are to the Government Code.

"negligently and recklessly designed, maintained and operated the subject property so as to cause [his] injuries."

On April 24, 2018, a liability claims investigator for the City, Ken Minas, inspected the sidewalk near 230 E. Charter Way. Because Minas was unable to locate anything that could be characterized as an "uplifted sidewalk," he sent plaintiff's counsel a notice of insufficiency. The notice explained that plaintiff's government claim would not be considered on the merits because it did not substantially comply with sections 910 and 910.2 of the Government Claims Act or was otherwise insufficient, as Minas was unable to "determine the loss location" based on plaintiff's description of the incident. The notice requested that plaintiff provide photographs of the sidewalk at or near 230 E. Charter Way showing the "precise area of fall" or a "map or diagram" depicting or specifying the "exact loss location." The notice advised plaintiff that he could submit an amended government claim by no later than six months from the date of the incident giving rise to his claim. Plaintiff did not respond to the notice or submit an amended government claim.

On May 31, 2018, the City rejected plaintiff's government claim.

*The Present Action*

On June 11, 2018, plaintiff filed this personal injury action, alleging that the City and its employees negligently allowed the sidewalk surface at or near 230 E. Charter Way in Stockton to be in a dangerous condition within the meaning of section 835. Plaintiff claimed that the dangerous condition caused him to "trip and fall on the sidewalk surface while walking" and sustain severe injuries on March 25, 2018.[2] The complaint, however, did not specifically identify the dangerous condition (e.g., uplifted sidewalk, uneven sidewalk, hole in the sidewalk) or otherwise explain how the condition of the

_____

[2] The County of San Joaquin was also named as a defendant. This appeal only concerns the City.

3

sidewalk constituted a dangerous condition. Instead, it complained broadly that the "sidewalk surface" harbored a "dangerous condition" that created an unspecified hazard.

*City's Motion for Summary Judgment and Appeal*

Approximately three years later, on March 19, 2021, the City filed a motion for summary judgment. As relevant here, the City argued that such relief was warranted because plaintiff was "suing on a factual basis never reflected in his [government] claim," which is "disallowed" under the Government Claims Act.[3] In support of its position, the City relied on statements plaintiff made during his deposition. The City explained that plaintiff disclosed that he did not trip and fall because of an "uplifted sidewalk," as alleged in his government claim. Rather, plaintiff fell after he "tripped in a hole," specifically an empty tree well, that is, a tree well that did not contain a tree.

In response, plaintiff did not dispute that his government claim identified the dangerous condition as an "uplifted sidewalk." Nor did plaintiff dispute that he disclosed in his deposition that the dangerous condition along the sidewalk was an empty tree well. Of relevance here, plaintiff argued that summary judgment was not warranted because both his government claim and the complaint "assert[ed] the factual equivalent"; specifically, that he tripped and fell due to "an uneven sidewalk surface." Plaintiff insisted that he complied with the Government Claims Act because the allegations in the complaint did not "alter the theory of the nature of the dangerous condition" identified in his government claim.

The trial court granted the City's motion, finding that plaintiff's complaint was barred because the factual basis for recovery asserted in this action is not "fairly reflected" in his government claim. In other words, the court found summary judgment was proper because plaintiff failed to comply with the claim presentation requirement of

---

[3] The City raised two additional grounds for summary judgment. Like the trial court, we need not and do not consider these arguments.

the Government Claims Act.  In so finding, the court explained that plaintiff's government claim was predicated on a dangerous condition created by an "uplifted sidewalk," whereas the factual basis for recovery asserted in this action is a dangerous condition along the sidewalk created by a "tree well hole."  The court rejected plaintiff's contention that the factual basis was the same because liability in both his government claim and the complaint was premised on a "differential in the sidewalk surface that caused him to trip and fall."  The court also determined that the substantial compliance doctrine did not apply, for the same reasons plaintiff's complaint was barred.[4]

Plaintiff timely appealed.

## DISCUSSION

### I

### *Standard of Review*

On a motion for summary judgment, a defendant must show "that one or more elements of the cause action . . . cannot be established, or that there is a complete defense to the cause of action."  (Code Civ. Proc., § 437c, subd. (p)(2).)  Summary judgment is appropriate "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  (*Id*., subd. (c).)

We independently review the trial court's decision to grant a defendant's motion for summary judgment.  (*Yanowitz v. L'Oreal USA, Inc*. (2005) 36 Cal.4th 1028, 1037.)  In doing so, "we apply the traditional three-step analysis used by the trial court, that is, we (1) identify the pleaded issues, (2) determine if the defense has negated an element of

---

[4]  In opposing the City's motion for summary judgment, plaintiff's counsel submitted a declaration claiming that his office never received the City's notice of insufficiency.  The trial court found that, for purposes of ruling on the motion for summary judgment, it was immaterial whether the City's notice of insufficiency was actually delivered to plaintiff's counsel.

the plaintiff's case or established a complete defense, and if and only if so, (3) determine if the plaintiff has raised a triable issue of fact." (*Meddock v. County of Yolo* (2013) 220 Cal.App.4th 170, 175.)

## II

### *The Government Claims Act*

The Government Claims Act was enacted in 1963 to provide a "comprehensive statutory scheme governing the liabilities and immunities of public entities and public employees for torts." (*Quigley v. Garden Valley Fire Protection Dist*. (2019) 7 Cal.5th 798, 803.) The intent of the act is not to expand the rights of plaintiffs against governmental entities. Rather, the intent of the act is to confine potential governmental liability to "rigidly delineated circumstances." (*Williams v. Horvath* (1976) 16 Cal.3d 834, 838.)

Under the Government Claims Act, "there is no such thing as common law tort liability for public entities; a public entity is not liable for an injury '[e]xcept as otherwise provided by statute.' " (*Quigley v. Garden Valley Fire Protection Dist*., *supra*, 7 Cal.5th at p. 803.) Thus, in California, all public entity liability for personal injury is governed by statute. (*Biscotti v. Yuba City Unified School Dist.* (2007) 158 Cal.App.4th 554, 558.)

The Government Claims Act provides several grounds for public entity liability, including, as relevant here, "for injuries caused by a dangerous condition of public property." (*Biscotti v. Yuba City Unified School Dist.*, *supra*, 158 Cal.App.4th at p. 558; see § 835.)[5] Under section 835 of the act, public entities are directly liable "for injuries

---

[5] Section 835 states: "Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: [¶] (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or [¶] (b) The public entity

6

caused by maintaining dangerous conditions on their property when the condition 'created a reasonably foreseeable risk of the kind of injury which was incurred' and either an employee's negligence or wrongful act or omission caused the dangerous condition or the entity was on 'actual or constructive notice' of the condition in time to have taken preventive measures." (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347-348.)

A "dangerous condition" of public property is defined as "a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property . . . is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§ 830, subd. (a).) " ' "[A] claim alleging a dangerous condition may not rely on generalized allegations [citation] but must specify in what manner the condition constituted a dangerous condition." [Citation.] A plaintiff's allegations, and ultimately the evidence, must establish a *physical* deficiency in the property itself. [Citations.] A dangerous condition exists when public property "is physically damaged, deteriorated, or defective in such a way as to foreseeably endanger those using the property itself," or possesses physical characteristics in its design, location, features or relationship to its surroundings that endanger users.' " (*Huerta v. City of Santa Ana* (2019) 39 Cal.App.5th 41, 48.)

The Government Claims Act "established a standardized procedure" for bringing personal injury claims against local governmental entities. (*Ardon v. City of Los Angeles* (2011) 52 Cal.4th 241, 246.) As a general rule, no suit for money or damages may be brought against a public entity until a written claim, known as a government claim, is presented to and rejected by that entity. (§§ 905 [listing exceptions not relevant here], 945.4; *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1776.) The required

---

had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

contents of a government claim are set forth in section 910 of the Government Claims Act. Among other mandatory contents, section 910 specifies that a claim "shall" include "[t]he date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted," "[a] general description of the . . . injury, damage or loss incurred so far as it may be known at the time of presentation of the claim," and "[t]he name or names of the public employee or employees causing the injury, damage, or loss, if known." (§ 910, subds. (c)-(e).) The failure to timely file a proper government claim is fatal to the maintenance of a civil action against a public entity. (*City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 454.)

The purpose of the Government Claims Act is " 'to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.' " (*Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority* (2004) 34 Cal.4th 441, 446 (*Stockett*); *DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 991.) " ' " It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim." [Citation.] The claims statutes also "enable the public entity to engage in fiscal planning for potential liabilities and to avoid similar liabilities in the future." ' " (*DiCampli-Mintz*, at p. 991.)

Although a government claim need not contain the detail and specificity required of a pleading in a civil action, it nevertheless must " 'fairly describe what [the] entity is alleged to have done.' " (*Stockett*, *supra*, 34 Cal.4th at p. 446.) When a civil action is filed following the rejection of a government claim, it is acceptable for the complaint to elaborate or add further details to a government claim, but the complaint may not completely "shift [the] allegations" and premise liability on facts that fundamentally differ from those specified in the government claim. (*Stockett*, at p. 447; *Brownell v. Los Angeles Unified School Dist.* (1992) 4 Cal.App.4th 787, 794.) In other words, the factual basis for recovery in the complaint must be "fairly reflected" in the government claim.

8

(*Stockett,* at p. 447; see *Gong v. City of Rosemead* (2014) 226 Cal.App.4th 363, 376 ["In order to comply with the claim presentation requirement, the facts alleged in a complaint . . . must be consistent with the facts contained within the government claim"]; *Castaneda v. Department of Corrections & Rehabilitation* (2013) 212 Cal.App.4th 1051, 1060 ["the factual circumstances set forth in the [government] claim must correspond with the facts alleged in the complaint"].)

A complaint is subject to dismissal if it alleges a factual basis for recovery which is not "fairly reflected" in the government claim. (*Stockett*, *supra*, 34 Cal.4th at p. 447; *Plata v. City of San Jose* (2022) 74 Cal.App.5th 736, 748; *Nelson v. State of California* (1982) 139 Cal.App.3d 72, 79.)

III

*Application of the Government Claims Act*

We conclude the trial court properly granted summary judgment in favor of the City. The record reflects that plaintiff failed to comply with the claim presentation requirement of the Government Claims Act. Plaintiff's government claim *specifically* and *solely* identified an "uplifted sidewalk" as the dangerous condition that caused his injuries. By contrast, in this action, liability is premised on a different dangerous condition--a hole created by an empty tree well. As we have described *ante*, the complaint did not allege an uneven sidewalk surface of any kind, and the condition that was ultimately revealed to be the subject of the lawsuit was a *hole* in an area devoid of cement sidewalk surface, in an area clearly intended for a tree rather than for pedestrian traffic. No area of the sidewalk was "uplifted" by any stretch of the imagination.

This is the type of factual variance that is fatal to a civil action filed against a public entity following the rejection of a government claim, since it amounts to a complete shift in allegations. Courts have consistently held that a civil action (or a claim alleged therein) is barred when, as here, the complaint premises liability on an entirely different factual basis than that stated in the government claim. (See, e.g., *Turner v. State*

9

*of California* (1991) 232 Cal.App.3d 883, 887-888, 891 [government claim premised liability on failure to provide adequate security but the complaint alleged a claim predicated on inadequate lighting]; *Fall River Joint Unified School Dist. v. Superior Court* (1988) 206 Cal.App.3d 431, 434-435 [government claim specified injury was based on dangerous and defective condition (unsafe door) but the complaint alleged a claim premised on negligent failure to supervise students]; *Donohue v. State of California* (1986) 178 Cal.App.3d 795, 804 [government claim alleged that the defendant was negligent in allowing uninsured motorist to take driving test, whereas the complaint alleged that the defendant was negligent in failing to instruct, direct, and control the motorist during the test].)  Such actions or claims are barred because they subvert the purpose of the Government Claims Act, which is intended to give the public entity an opportunity to investigate and evaluate its potential liability and, where appropriate, avoid litigation by settling meritorious claims.  (*Turner*, at pp. 888, 891; *Fall River,* at pp. 435-436; *Donohue,* at p. 804.)

We find plaintiff's reliance on *Blair* v. *Superior Court* (1990) 218 Cal.App.3d 221, misplaced.  There, the plaintiff filed a government claim for dangerous condition of public property after his vehicle slid off a highway and collided with a tree.  The plaintiff's claim was predicated on negligent maintenance and construction of a highway surface and the failure to sand and care for the highway to make it safe for automobiles.  (*Id*. at p. 223.)  After his government claim was rejected, the plaintiff filed a complaint alleging that the highway was "in a dangerous and defective condition for a number of reasons including, but not limited to, the following: ice had accumulated on the roadway . . . at that point, the roadway . . . require[es] guard rails where there was no guard rail; in addition, the slope of the road is such that a vehicle striking ice is carried off the road . . . [and] [n]o warning signs were in place . . . ."  (*Id*. at p. 224, italics omitted.)  The public entity argued that the complaint's allegations regarding the lack of guard rails, slope of the road, and failure to warn had to be stricken because they were not

10

included in the government claim. (*Ibid*.) The trial court agreed and struck the allegations. (*Id*. at pp. 223-224.) A panel of this court reversed, reasoning that "[a] charge of negligent construction may reasonably be read to encompass defects in the placement of highway guard rails, slope of the road, presence of hazards adjacent to the roadway or inadequate warning signs." (*Id*. at p. 226.) In doing so, this court distinguished *Donohue*, *Fall River*, and three other cases. (*Id*. at pp. 225-226.) The *Blair* court explained: "It is apparent that in each of the decisions the plaintiff did not merely elaborate or add further detail to a claim which was predicated on the same fundamental facts set forth in the complaint. Rather, there was a complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim. In contrast, the claim and the complaint in this action are premised on essentially the same foundation, that because of its negligent construction or maintenance, the highway at the scene of the accident constituted a dangerous condition of public property." (*Id.* at p. 226.)

*Blair* is distinguishable from the case before us. In *Blair*, the allegations of the government claim were broad enough to encompass the allegations in the complaint, which elaborated upon and added further detail to the allegations of the government claim. Unlike *Blair*, this case involves a fatal variance due to a complete shift in allegations as to the dangerous condition that allegedly caused plaintiff's injuries. As we have explained, plaintiff's government claim was premised on injuries allegedly sustained from a trip and fall caused by an "uplifted sidewalk," whereas liability in this action is premised on injuries allegedly sustained from a trip and fall due to a *hole* created by an empty tree well. Contrary to plaintiff's suggestion, this is not the type of case where the complaint merely elaborates upon or provides further detail to a government

11

claim that is based on the same fundamental facts.[6]  Rather, this action is barred because liability is premised on an entirely different factual basis than that stated in the government claim.  An "uplifted sidewalk" is not the factual equivalent of a hole created by an empty tree well that is clearly in an area intended for a tree rather than presented as part of the "sidewalk surface," and does not remotely resemble what a reasonable person might consider to constitute an "uplifted sidewalk."

We have reviewed the other cases on which plaintiff relies and find that none of them support a contrary result.  Each case is factually distinguishable and therefore inapposite.

IV

*Remaining Issues*

Plaintiff attempts to establish "substantial compliance" with the claim presentation requirement by recasting his government claim as alleging that he tripped and fell due to an "uneven" portion of the sidewalk.  We are not persuaded that this is an accurate characterization of the government claim, which did not premise liability on an "uneven" sidewalk.  Instead, as we have explained, plaintiff specifically identified the dangerous condition as an "uplifted sidewalk."  An empty tree well does not further describe or clarify an allegation of an uplifted sidewalk; it is an entirely different description. Plaintiff's substantial compliance argument fails.  (See *Turner v. State of California, supra*, 232 Cal.App.3d at p. 891 ["any contention of substantial compliance 'is unavailing

---

[6]  Although in his briefing and again in oral argument, as well as in his opposition to the motion for summary judgment below, plaintiff contended at various times that both the claim and the complaint allege he tripped and fell due to an "uneven sidewalk surface," neither document contains the word "uneven."  As we have described, the complaint is devoid of any detail regarding the alleged dangerous condition and the claim specifies only an "uplifted sidewalk."

where the plaintiff seeks to impose upon the defendant public entity the obligation to defend a lawsuit based upon a set of facts entirely different from those first noticed' "].)

We also reject plaintiff' suggestion that reversal is required because the purpose of the claims presentation requirement was satisfied, as an engineer employed by the City, Trinh Phan, admitted in his deposition that he knew the government claim was based on plaintiff tripping in a hole created by an empty tree well. As noted *ante*, it is well-settled that the claim presentation requirement " ' "must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim." ' " (*DiCampli-Mintz v. County of Santa Clara, supra,* 55 Cal.4th at p. 991; *City of San Jose v. Superior Court*, *supra*, 12 Cal.3d at p. 455 [explaining that "[s]uch knowledge--standing alone--constitutes neither substantial compliance nor basis for estoppel"].) Moreover, we note that there is nothing in the record showing that the City was aware of the actual cause of plaintiff's fall prior to the rejection of his government claim. Further, the record reflects that Phan inspected the sidewalk after plaintiff's government claim was rejected, and that Phan was deposed *after* plaintiff disclosed for first time in his February 2021 deposition that the dangerous condition was a hole created by an empty tree well. Prior to being deposed in this matter, Phan reviewed the statements plaintiff made in his deposition, which included plaintiff's explanation of how he tripped and fell. Plaintiff has failed to show that reversal is required under the circumstances presented.

## DISPOSITION

The judgment is affirmed.  The City shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)



                                                                          /s/
                                                          Duarte, J.

We concur:


/s/
Robie, Acting P. J.


/s/
Earl, J.