[No. B083447. Second Dist., Div. Two. Feb. 9, 1996.]

PENNY PERRY DAVIS et al., Plaintiffs and Appellants, v. CITY OF PASADENA, Defendant and Appellant.

## COUNSEL

Spector, Buter, Hoberman & Buzard and Michael A. Hoberman for Plaintiffs and Appellants.

Cristina L. Sierra, Acting City Attorney, and Philip N. Andreen for Defendant and Appellant.

## OPINION

**ZEBROWSKI, J.**—Plaintiffs are Mr. and Mrs. Davis. Mrs. Davis fell while descending an outdoor stairway at the Pasadena Convention Center.[1]

The stairway consists of two sections of steps, both starting up from a patio-type area outside an entrance/exit. Viewed from the patio, one section of typical steps rises directly in front, and another section of typical steps

---

[1]Pictures of the steps, attached to plaintiffs' first amended complaint and to the motion for summary judgment, are appended to this opinion as exhibit 1.

rises to the left. The bottom step of the section directly in front meets the bottom step of the section to the left at a right angle. Each higher step of each section also meets the corresponding step of the other section at a right angle. Along the line where the individual steps from the two sections converge is a handrail. Since the handrail follows the line where the steps converge, the handrail rises diagonally.

Plaintiffs sued the City of Pasadena on the theory that steps converging at a right angle with a handrail along the line of convergence create a substantial risk of injury and hence constitute a dangerous condition of public property. The city moved for summary judgment. The trial court granted the motion, ruling as a matter of law that steps converging at a right angle with a handrail along the line of convergence do not constitute a dangerous condition. We affirm.

## FACTS

On the day of her fall, Mrs. Davis was at the convention center with her husband. With them was their baby in a stroller. Mrs. Davis and her husband were each holding one end of the stroller and descending the stairs parallel to the diagonal handrail, which means they were descending the stairs diagonally. Mr. Davis was in the lead, with Mrs. Davis holding the stroller handles and descending in the rear. There was no crack, jagged edge, slippery substance on the stairs, obstruction to visibility, or abnormality or damage to the stairs. After several steps down, Mrs. Davis fell. She attributed her fall to difficulty in walking down stairs at an oblique angle. There was no evidence that any other accidents had occurred on these stairs. The city has no report of any other accident.

## DISCUSSION

Mrs. Davis was not using the handrail at the time of her fall. Instead, she was walking down the stairs parallel to the handrail. Plaintiffs contend that the area where the stairs converge should be obstructed with potted plants or that the entire area should be blocked off so that the handrail along the line where the steps converge would not "invite" patrons to descend at that location, and hence diagonally.

The general rule in California is sovereign immunity. Public entities have liability for injury only when that liability has been assumed by statute. (Gov. Code, § 815; *Cochran* v. *Herzog Engraving Co.* (1984) 155 Cal.App.3d 405, 409 [205 Cal.Rptr. 1].) The claim in this case is that the city is liable by virtue of statutes creating public liability for injuries caused by a "dangerous condition" of public property.

Government Code section 830, subdivision (a),[2] provides: " 'Dangerous condition' means a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used."

Section 830.2 elaborates: "A condition is not a dangerous condition within the meaning of this chapter if the trial or appellate court, viewing the evidence most favorably to the plaintiff, determines as a matter of law that the risk created by the condition was of such a minor, trivial or insignificant nature in view of the surrounding circumstances that no reasonable person would conclude that the condition created a substantial risk of injury when such property or adjacent property was used with due care in a manner in which it was reasonably foreseeable that it would be used."

Ordinarily the existence of a dangerous condition is a question of fact. (*Peterson* v. *San Francisco Community College Dist.* (1984) 36 Cal.3d 799, 810 [205 Cal.Rptr. 842, 685 P.2d 1193].) However, as the *Peterson* court observed, whether a condition is dangerous may " 'be resolved as a question of law if reasonable minds can come to but one conclusion.' " (*Ibid.*; see also *Gray* v. *Brinkerhoff* (1953) 41 Cal.2d 180, 183 [258 P.2d 834]; *Barrett* v. *City of Claremont* (1953) 41 Cal.2d 70, 73 [256 P.2d 977]; *Jordan* v. *City of Long Beach* (1971) 17 Cal.App.3d 878, 882-883 [95 Cal.Rptr. 246].) "[I]t is for the court to determine whether, as a matter of law, a given defect is not dangerous. This is to guarantee that cities do not become insurers against the injuries arising from trivial defects." (*Fielder* v. *City of Glendale* (1977) 71 Cal.App.3d 719, 734 [139 Cal.Rptr. 876].)

Although a possibility of injury exists in almost all circumstances, reasonable minds can come to but one conclusion on the legal issue of whether the configuration of these stairs and handrail created a substantial risk, as opposed to a minor, trivial or insignificant risk. Unless this configuration created a substantial risk, it does not constitute a dangerous condition.

■ Plaintiffs contend that the combination of converging stairs and handrail "invites" a person to descend at that location and constitutes a dangerous condition for that reason. The very language of "invitation" used by plaintiffs illustrates that involved here is not a defective set of steps, but rather a choice to descend them at an angle. Anyone viewing these stairs can see that descending the stairs parallel to the handrail would mean descending the stairs at an oblique angle. If a person is not willing or able to employ the care necessary to descend stairs safely at an oblique angle, the stairs can be descended perpendicularly to the steps, can be descended along other perpendicular handrails which are available nearby, or can be bypassed completely in favor of other available means of entry. The dangerous "condition"

---

[2]All further statutory references are to the Government Code.

alleged by plaintiffs is the making available of a choice of descending the stairs in the area of the diagonal handrail as an alternative to other routes of descent.[3]

The observation that more care is needed to descend stairs at an oblique angle is in fact the gist of plaintiffs' expert witness's declarations. However, the fact that a witness can be found to opine that such a condition constitutes a significant risk and a dangerous condition does not eliminate this court's statutory task, pursuant to section 830.2, of independently evaluating the circumstances. (*Antenor* v. *City of Los Angeles* (1985) 174 Cal.App.3d 477, 484 [220 Cal.Rptr. 181]; *Fielder* v. *City of Glendale, supra*, 71 Cal.App.3d 719, 721-722.)

Stairs of this design pose at most the type of "minor," "trivial" or "insignificant" risk contemplated by sections 830, subdivision (a), and 830.2 as not a dangerous condition. (See *Antenor* v. *City of Los Angeles, supra*, 174 Cal.App.3d 477, 481-485 [traffic control, lighting, traffic volume and the "geometrics" of a certain intersection not a dangerous condition as a matter of law]; *Fielder* v. *City of Glendale, supra*, 71 Cal.App.3d 719, 734 [defect in sidewalk where plaintiff tripped trivial and not dangerous as a matter of law]; *Bartell* v. *Palos Verdes Peninsula Sch. Dist.* (1978) 83 Cal.App.3d 492, 496-498 [147 Cal.Rptr. 898] [school ground where child injured while playing a game " 'slung from the end of a rope while riding a skateboard' " not a dangerous condition as a matter of law]; *Barrett* v. *City of Claremont, supra*, 41 Cal.2d 70, 73-75 [asphalt extruded from between concrete slabs of public sidewalk a trivial defect]; *Ursino* v. *Big Boy Restaurants* (1987) 192 Cal.App.3d 394, 397-399 [237 Cal.Rptr. 413] [walkway edge three-fourths of an inch higher than adjoining section trivial defect as matter of law].)

It is unnecessary to reach the other contentions on this appeal.

## DISPOSITION

The judgment is affirmed. Plaintiffs are to bear costs on appeal.

Fukuto, Acting P. J., and Nott, J., concurred.

---

[3]If the diagonal nature of the route of descent chosen by Mrs. Davis could alone be sufficient to support a finding of dangerous condition, it would follow that the existence of a spiral staircase would also be sufficient to constitute a dangerous condition. Descending a spiral staircase requires an angular gait similar to descending a straight staircase at an oblique angle.