Filed 10/16/19

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| CYNTHIA DOBBS et al., | B290509 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC626459) |
| v. | |
| CITY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Marc R. Marmaro, Judge.  Affirmed.

Raymond Ghermezian for Plaintiffs and Appellants.

Manning & Kass, Ellrod, Ramirez, Trester, Sevan Gobel and Ladell Hulet Muhlestein for Defendant and Respondent.

_____

The rule deciding this case is look where you are going. In broad daylight, Cynthia Dobbs walked into a round concrete pillar. It was 17.5 inches wide and 17.5 inches tall. A field of these unpainted pillars, also called bollards, protects the Los Angeles Convention Center from car bombs. They are the height of your average coffee table. Dobbs walked into one of them and sued the City of Los Angeles because it allegedly created a dangerous condition that caused her to trip and fall. The trial court granted summary judgment against her. We affirm.

About two million people visit the convention center yearly. More than 50 bollards are in front of its south hall. For the nine years before Dobbs's accident, no one filed an injury claim.

The City successfully invoked a statutory defense called design immunity. Design immunity shields public entities from personal injury claims when a public employee reasonably exercised discretionary authority when approving the design at issue. (Gov. Code, § 830.6.)

Design immunity has three required elements. (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 342 (*Hampton*).) The City successfully established all three.

We pass by the first element, which the City satisfied, according to Dobbs's stipulation at oral argument.

The second element requires discretionary approval of the design before construction. (*Hampton, supra,* 62 Cal.4th at p. 342.) City Engineer Robert Horii approved the plans, which bore his office's official stamp.

Dobbs faults a declaration about the design approval process but it was adequate. Discretionary approval need not be established with testimony of the people who approved the project. Testimony about the entity's discretionary approval

2

custom and practice can be proper even though the witness was not personally involved in the approval process. (*Gonzales v. City of Atwater* (2016) 6 Cal.App.5th 929, 947.) The declarant here had 14 years of experience in the relevant agency as a project manager. This pertinent personal experience is substantial and sufficient. The trial court properly overruled Dobbs's objections to this declaration.

The third element is whether there is any substantial evidence of the reasonableness of the public entity's approval of the design. This question is one of law, not fact. (*Rodriguez v. Department of Transportation* (2018) 21 Cal.App.5th 947, 955.) The evidence of reasonableness need not be undisputed, as the statute provides immunity when there is substantial evidence of reasonableness, even if contradicted. (*Grenier v. City of Irwindale* (1997) 57 Cal.App.4th 931, 940.) The statute grants immunity as long as reasonable minds can differ concerning whether a design should have been approved. The design need not be perfect but merely reasonable under the circumstances. (*Ibid.*; cf. Gov. Code, § 830.2 [a condition is not dangerous if a trial or appellate court determines the condition created only a minor risk of injury].)

The trial court rightly found this exercise of approval authority was reasonable. Key evidence included how this bollard looked on the sidewalk. It was big. It was designed to stop cars. It was obvious to pedestrians who looked where they were going. There is more proof of reasonableness, but we need not recite it because reasonable minds would agree this bollard in this location was conspicuous and not a danger to pedestrians. (See *Davis v. City of Pasadena* (1996) 42 Cal.App.4th 701, 704-705.) It was reasonable to approve this plan.

Dobbs offers misdirected arguments.  She faults declarations referring to two rows of bollards when she says there were three rows.  The number of rows does not matter when the important thing from a tripping perspective is the size of the one bollard into which Dobbs walked.

Dobbs attacks the admissibility of two exhibits, which were inessential to the trial court's ruling and irrelevant to our analysis.

Tort law incorporates common sense.  When one walks into a concrete pillar that is big and obvious, the fault is one's own.

**DISPOSITION**

The judgment is affirmed.  Costs to the City of Los Angeles.


WILEY, J.


We concur:



GRIMES, Acting P. J.



STRATTON, J.

4