Filed 2/27/26  Raubitschek v. County of Los Angeles CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| FARIDEH RAUBITSCHEK, | B343157 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. 21STCV21153 |
| v. | |
| COUNTY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Karen Moskowitz, Judge.  Affirmed.

Citywide Law Group, Lisa Saperstein and Taylor R. Dann for Plaintiff and Appellant.

Kjar, McKenna & Stockalper, Patrick E. Stockalper, Kelly A. Ward and Jessica C. Nunez for Defendant and Respondent.

———————————————

While strolling through her neighborhood, Farideh Raubitschek tripped on a sidewalk hole, fell to the ground, and injured her hand. She sued the County of Los Angeles for negligence and premises liability. In granting the County's summary judgment motion on these causes of action, the trial court concluded the sidewalk hole was, as a matter of law, no more than a trivial defect and could not support the County's liability. We agree and affirm the judgment.

## BACKGROUND

Raubitschek lives in Marina Del Rey, California. Since 2018, she has taken a daily morning walk. She typically leaves her apartment, follows Via Marina Street to the water, turns to the right, and then walks for an additional stretch before returning home. Raubitschek usually walks in the middle of the sidewalk.

On a summer day in 2020, Raubitschek was out on her morning walk. After walking about 300 or 400 feet on Via Marina Street, she saw people coming toward her. Attempting to avoid contact with one of them who was coming very close to her, Raubitschek stepped to the right. The front portion of her shoe by her toe caught on a small hole in the sidewalk, a condition we shall describe more fully below. She fell to the ground, landing on her left side. The fall caused permanent nerve damage to Raubitschek's hand.

Raubitschek sued the County for premises liability and negligence.[1] The County moved for summary judgment, arguing Raubitschek could not secure relief because Government Code

---

[1] Raubitschek also sued E & S Ring Management Corporation, but that entity is not a party to this appeal.

2

section 835 (further statutory references are to the Government Code unless specified) "sets out the exclusive framework under which a public entity can be held liable for injuries caused by a condition of its property," and because Raubitschek could not meet the requirements of that framework. Specifically, the County argued Raubitschek could show no triable issue of fact as to whether: (1) the asserted defect caused her fall; (2) the County had actual or constructive notice of the defect; or (3) the defect was non-trivial and therefore a dangerous condition.

After Raubitschek filed her opposition and the County filed its reply, the County filed an amended motion for summary judgment. The amended motion reiterated the grounds for relief raised in the original motion and additionally argued that the County was entitled to summary judgment based on Raubitschek's failure to comply with the Government Claims Act (§ 810, et seq.).

Following a hearing, the trial court granted the County's amended motion for summary judgment. The court agreed with the County that there was insufficient evidence regarding causation and notice, and that the sidewalk defect was trivial as a matter of law — it was "nothing outside the typical sidewalk lay persons encounter daily."

After entry of judgment for the County, Raubitschek filed a motion for reconsideration and a motion for new trial. The trial court concluded it lacked jurisdiction to rule on the motion for reconsideration and denied the motion for new trial. Raubitschek timely appealed from the judgment. She does not, however, challenge the court's post-judgment rulings.

3

## DISCUSSION

### A. Summary Judgment

"A party is entitled to summary judgment only if there is no triable issue of material fact and the party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment must show that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense. (*Id.*, subd. (p)(2).) If the defendant meets this burden, the burden shifts to the plaintiff to present evidence creating a triable issue of material fact. (*Ibid.*) A triable issue of fact exists if the evidence would allow a reasonable trier of fact to find the fact in favor of the party opposing summary judgment. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) [¶] We review the trial court's ruling on a summary judgment motion de novo, liberally construe the evidence in favor of the party opposing the motion, and resolve all doubts concerning the evidence in favor of the opponent. [Citation.] We must affirm a summary judgment if it is correct on any of the grounds asserted in the trial court, regardless of the trial court's stated reasons." (*Grebing v. 24 Hour Fitness USA, Inc.* (2015) 234 Cal.App.4th 631, 636–637.)

### B. Trivial Defect Doctrine

As noted above, Raubitschek seeks relief based on theories of negligence and premises liability. Section 835, part of the Government Claims Act, " 'sets out the exclusive conditions under which a public entity is liable for injuries caused by a dangerous condition of public property.' " (*Stack v. City of Lemoore* (2023) 91 Cal.App.5th 102, 108 (*Stack*).)

4

Section 835 states the general rule that "a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: [¶] (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or [¶] (b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition."  (§ 835.)

" 'An initial and essential element,' " then, " 'is proof a dangerous condition existed.' "  (*Stack, supra*, 91 Cal.App.5th at p. 109.)  In this context, " '[d]angerous condition' means a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§ 830, subd. (a).)  The courts play a crucial gatekeeping role in the assessment of substantiality and insubstantiality of risk. "A condition is not a dangerous condition . . . if the trial or appellate court, viewing the evidence most favorably to the plaintiff, determines as a matter of law that the risk created by the condition was of such a minor, trivial or insignificant nature in view of the surrounding circumstances that no reasonable person would conclude that the condition created a substantial risk of injury when such property or adjacent property was used

5

with due care in a manner in which it was reasonably foreseeable that it would be used." (§ 830.2.)

These statutes, "[t]ogether with the surrounding case law, . . . form what is known as the 'trivial defect doctrine,' shielding public entities from liability for defects that a court deems trivial as a matter of law." (*Stack*, *supra*, 91 Cal.App.5th at p. 109.) This doctrine has a history of arising in dangerous condition of public property cases involving sidewalks and "reflects an acknowledgement that 'it is impossible to maintain a sidewalk in perfect condition. Minor defects are bound to exist. A municipality cannot be expected to maintain the surface of its sidewalks free from all inequalities and from every possible obstruction to travel.' " (*Id.* at pp. 109–110, fn. omitted.)

" 'Where reasonable minds can reach only one conclusion — that there was no substantial risk of injury — the issue [of a defect's triviality] is a question of law, properly resolved by way of summary judgment.' " (*Huckey v. City of Temecula* (2019) 37 Cal.App.5th 1092, 1104–1105 (*Huckey*).) In addressing a defect's triviality, courts have traditionally utilized a "two-step analysis." (*Miller v. Pacific Gas & Electric Co.* (2023) 97 Cal.App.5th 1161, 1167; see also *Huckey*, *supra*, at p. 1105; *Nunez v. City of Redondo Beach* (2022) 81 Cal.App.5th 749, 758.) " 'First, the court reviews evidence regarding type and size of the defect. If that preliminary analysis reveals a trivial defect, the court considers evidence of any additional factors [bearing on whether the defect presented a substantial risk of injury].' " (*Huckey*, at p. 1105.) Such factors might include "whether there were any broken pieces or jagged edges in the area of the defect, whether any dirt, debris or other material obscured a pedestrian's view of the defect, the plaintiff's knowledge of the area, whether the

accident occurred at night or in an unlighted area, the weather at the time of the accident, and whether the defect has caused any other accidents." (*Ibid.*)

Our colleagues in the Fifth District have modified the traditional two-step framework, reframing it as "a holistic multifactor framework for assessing triviality . . . ." (*Stack*, *supra*, 91 Cal.App.5th at p. 114.) Under the Fifth District's formulation, "the size of the defect is but one of the many circumstances to be considered; however, size remains the ' "the most important" ' of the dangerous condition factors." (*Ibid.*) In addition, the Fifth District concluded that "a particular plaintiff's familiarity with the defect" is "not a proper factor for consideration within the trivial defect doctrine." (*Id.* at p. 120.)

Whether we view the proper inquiry as a two-step or holistic approach, we conclude the County sufficiently showed the defect at issue was trivial as a matter law, such that Raubitschek cannot prove an essential element of a section 835 claim, namely, the existence of a dangerous condition. (*Stack*, *supra*, 91 Cal.App.5th at p. 109; Code Civ. Proc., § 437c, subd. (p)(2).) Raubitschek did not present evidence creating a triable issue of fact. (Code Civ. Proc., § 437c, subd. (p)(2).) Thus, the trial court properly granted summary judgment in the County's favor. (*Id.*, subd. (c).)

### 1. The County carried its initial burden of showing the defect was trivial as a matter of law.

We begin the triviality inquiry with the defect's size. (*Stack*, *supra*, 91 Cal.App.5th at p. 111.) Evidence of the hole's dimensions resides in the first declaration of Raubitschek's

7

expert, Philip L. Rosecu.[2]  Although Raubitschek, not the County, offered this declaration, we may, like the superior court did, nonetheless consider it, and any other evidence Raubitschek proffered, to determine whether the County carried its summary judgment burden.  (Code Civ. Proc., § 437c, subd. (c) ["In determining if the papers show that there is no triable issue as to any material fact, the court shall consider *all of the evidence set forth in the papers*, except the evidence to which objections have been made and sustained by the court" (italics added)]; *Villa v. McFerren* (1995) 35 Cal.App.4th 733, 736 [plaintiff's opposition papers "filled the evidentiary gap" in defendant's moving papers on summary judgment]; cf. *Stack*, *supra*, 91 Cal.App.5th at p. 110, fn. 6 [allowing defendant municipality to raise the trivial defect doctrine for the first time on appeal following trial and noting the absence of triviality "is not an affirmative defense but 'an aspect of duty that a plaintiff must plead and prove' "].)

Rosecu is a senior forensic engineer with "expertise in investigating and analyzing structural and architectural failures, roadway, highway and parking lot design deficiencies, accessibility compliance, and product defect matters . . . ." On April 6, 2021, Rosecu photographed and measured the sidewalk defect at issue, as well as its surrounding area.

---

[2]  Raubitschek also submitted a supplemental declaration of Rosecu after the County filed its amended summary judgment motion.  It added additional assertions that we address in part B.2, *post*.

Observing that Rosecu inspected the scene more than seven months after the accident occurred, the County questions whether his measurements and photographs, included in his first declaration, properly reflect the hole's size, nature, and appearance at the time of Raubitschek's fall. While we understand the County's point, we need not address it. Even assuming Rosecu's measurements and photographs accurately illustrate the sidewalk defect as of the accident date, we conclude they demonstrate triviality.

Rosecu concluded the hole was "approximate[ly]" 1.5 inches deep at its deepest point, 5 inches long, and 4.5 inches wide, though the attached photographs that juxtapose the expert's ruler and the hole show the 1.5-inch depth approximation to have been rounded up by at least an eighth of an inch — that is, the ruler shows no more than a 1.375-inch depth. (See *Stack*, *supra*, 91 Cal.App.5th at p. 111 ["the reviewing court must examine the photographs in evidence for itself and make its own determinations"].) The sidewalk where the hole was located was about five feet wide, and the hole was at the edge of the sidewalk nearest the street. The side of the hole closest to the street began where a slab of sidewalk concrete met a five- to six-inch-wide curb of the same concrete material. It was by this curb where the hole was deepest. From there, the hole sloped upward for about 4.5 inches toward the sidewalk's center, tapering off into the surrounding flat, level portions of the sidewalk.

Courts have held walkway defects of the same or similar height differentials to be trivial as a matter of law, especially when unaccompanied by other aggravating factors. (See, e.g., *Beck v. City of Palo Alto* (1957) 150 Cal.App.2d 39, 43−44 [uplift between two concrete slabs measuring between 1.5 and

1.875 inches]; *Huckey, supra,* 37 Cal.App.5th at pp. 1108–1110 [1.21875-inch height differential between two concrete panels]; *Stathoulis v. City of Montebello* (2008) 164 Cal.App.4th 559, 568–569 [gouge mark measuring " 'about one inch deep' "]; see *Barrett v. Claremont* (1953) 41 Cal.2d 70, 74 [citing cases in which defects of up to 1.5 inches were deemed minor]; cf. *Stack, supra,* 91 Cal.App.5th at pp. 114, 123 [walkway defect with 1.75-inch height differential was not trivial as a matter of law in light of several aggravating factors].)

Mindful of this caselaw, we turn to evidence regarding the absence of factors that would have rendered the defect " 'more dangerous than its size alone would suggest.' " (*Huckey, supra,* 37 Cal.App.5th at p. 1105.) At her deposition, Raubitschek testified the accident occurred on a clear and sunny day, and that, while there were oncoming pedestrians to avoid — as one would expect to encounter on sidewalks — nothing blocked her view of the sidewalk before she fell. Consistent with this testimony, Rosecu's photographs of the scene demonstrate a defect in open view, unobscured by branches, bushes, trees, or other objects. They also show that the hole did not have jagged edges and sloped upward from its deepest point towards the center of the sidewalk.

In sum, evidence suggests the defect at issue here, based on its size, falls within the range of defects previously held to be trivial as a matter of law. Moreover, evidence suggests the absence of " 'circumstances surrounding the accident that might [have] ma[d]e the defect more dangerous than its size alone would [have] suggest[ed].' " (*Huckey, supra,* 37 Cal.App.5th at p. 1105.) Accordingly, the County has shown, for purposes of meeting its initial summary judgment burden, that Raubitschek

10

cannot establish a dangerous condition of public property as required by section 835.  (§§ 830, subd. (a) & 835; *Stack*, *supra*, 91 Cal.App.5th at p. 109; Code Civ. Proc., § 437c, subd. (p)(2).)  The burden therefore shifts to Raubitschek to produce evidence creating a triable issue of fact.  (Code Civ. Proc., § 437c, subd. (p)(2).)

> **2. Raubitschek has not created a triable issue of fact regarding the defect's triviality.**

Raubitschek contends she presented evidence creating a triable issue of fact by way of Rosecu's supplemental declaration, in which he opines the hole in the sidewalk "presented a substantial fall hazard."  He explains that, based on its dimensions, the hole "could easily induce a fall incident by means of a trip and/or an ankle roll depending on foot placement, especially during a side step."  Rosecu also opines that "[t]he subject defect would have been unexpected to a reasonable pedestrian" because it was "similar in color and texture to the surrounding curb and the adjacent undamaged sections of concrete . . . ."  For this reason, as well as Raubitschek's focus on oncoming pedestrians, Rosecu states the defect "would not be readily apparent to Ms. Raubitschek during her side step immediately prior to her fall."

Rosecu's supplemental declaration does not create a triable issue of fact as to the defect's triviality.  We need not accept Rosecu's opinion that the sidewalk hole constituted a dangerous condition as that term is used in the context of public entity liability.  Expert testimony to such a legal conclusion, based on a defect's size, shape, or other factors, does not prevent a court from finding triviality as a matter of law.  (*Thimon v. City of Newark* (2020) 44 Cal.App.5th 745, 763–764; *Caloroso v.*

11

*Hathaway* (2004) 122 Cal.App.4th 922, 928; *Fielder v. City of Glendale* (1977) 71 Cal.App.3d 719, 732.) "For in this area there is no need for expert opinion. It is well within the common knowledge of lay judges and jurors just what type of a defect in a sidewalk is dangerous." (*Fielder*, at p. 732.) "[T]hat a witness can be found to opine that . . . a condition" is dangerous "does not eliminate this court's statutory task, pursuant to section 830.2, of independently evaluating the circumstances." (*Davis v. City of Pasadena* (1996) 42 Cal.App.4th 701, 705.) In performing that statutory task, we can, for instance, credit the photographs showing the hole here was minor, was a darker shade of gray and of a distinct, grainier texture compared to the concrete around it, would have been sufficiently noticeable to a reasonable pedestrian, and would not have presented a dangerous condition in the sidewalk's ordinary use. (*Caloroso,* at p. 928 [expert testimony, in light of photographs, did not create a triable issue regarding triviality]; cf. *Bushling  v. Fremont Medical Center* (2004) 117 Cal.App.4th 493, 510 [an expert's assertion lacks "evidentiary value" when based on unsupported factual assumptions].)

Ultimately, Raubitschek has not carried her burden of presenting evidence sufficient to create a triable issue of fact on the existence of a dangerous condition, and summary judgment for the County was proper. (Code Civ. Proc., § 437c, subds. (c), (p)(2).)[3]

---

[3]   Having reached this conclusion, we need not address whether the trial court correctly granted summary judgment based on Raubitschek's inability to prove causation or notice.

## DISPOSITION

The judgment is affirmed.  The County shall recover its costs on appeal.


SCHERB, J.

We Concur:


WILEY, Acting P. J.


VIRAMONTES, J.

13